IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DOYLE WAYNE DAVIS,**<br><br>  Petitioner,<br><br>v.<br><br>**DIAZ, Warden,**<br><br>  Respondent. | Case No. 1:13-cv-00736 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2244(b)**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In the petition filed on May 17, 2013, Petitioner challenges his February 20, 1992 conviction from the Tulare County Superior Court for multiple counts of forcible rape, forcible oral copulation, forcible sodomy, assault, false imprisonment, dissuading a witness, and furnishing alcohol to a minor. A review of the Court's dockets and files shows Petitioner has previously sought habeas relief with respect to this conviction. In case number 1:01-cv-05961-NEW, Petitioner challenged the same underlying conviction. On June 18, 2002, the petition was denied on the merits.

**I.     DISCUSSION**

A court must dismiss a second or successive petition that raises the same

1

grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new constitutional right, made retroactive by the United States Supreme Court or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements; the Petitioner must first file a motion with the appropriate court of appeals to be authorized to file a second or successive petition with the district court.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244(b)(3).

## II. ORDER AND RECOMMENDATION

The Court ORDERS the Clerk of Court to assign a United States District Court Judge to the present matter.

The Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as successive.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 22, 2013        /s/ *Michael J. Seng*
                             UNITED STATES MAGISTRATE JUDGE